17-2841-cr
*United States v. Washington*

# In the
# United States Court of Appeals
## for the Second Circuit

———

AUGUST TERM 2017

No. 17-2841-cr

UNITED STATES OF AMERICA,
*Appellee,*

v.

BRIAN WASHINGTON, a/k/a BRIAN E. WARD, a/k/a BRIAN K. WARD,
a/k/a BRIAN E. WASHINGTON, a/k/a BRIAN EUGENE WASHINGTON, a/k/a
BRIAN WARD, a/k/a EUGENE BRIAN WARD,
*Defendant-Appellant.*

———

On Appeal from the United States District Court
for the Southern District of New York

———

ARGUED: AUGUST 15, 2018
DECIDED: SEPTEMBER 18, 2018

———

Before: CABRANES and POOLER, *Circuit Judges*, and OETKEN, *District Judge*.*

———————

Defendant-Appellant Brian Washington ("Washington") appeals the sentence imposed for his conviction on a charge of failure to register as a sex offender in violation of 18 U.S.C. § 2250. On appeal, Washington argues that the United States District Court for the Southern District of New York (George B. Daniels, *Judge*) unlawfully modified his sentence by including in the written judgment a duty to submit to polygraph testing that was not mentioned during pronouncement of sentence. We hold that inclusion of a duty to submit to polygraph testing is, in the circumstances presented here, an impermissible modification of the spoken sentence. We **REMAND** the cause to the District Court for entry of an amended judgment from which the reference to polygraph testing has been deleted.

———————

> JACOB WARREN, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the

---

* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

2

Southern District of New York, New York, NY, *for Appellee*.

ALLEGRA GLASHAUSSER, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

————

JOSE A. CABRANES, *Circuit Judge*:

Defendant-Appellant Brian Washington ("Washington") appeals the sentence imposed for his conviction on a charge of failure to register as a sex offender in violation of 18 U.S.C. § 2250. On appeal, Washington argues that the United States District Court for the Southern District of New York (George B. Daniels, *Judge*) unlawfully modified his sentence by including in the written judgment a duty to submit to polygraph testing that was not mentioned during pronouncement of sentence. We hold that inclusion of a duty to submit to polygraph testing is, in the circumstances presented here, an impermissible modification of the spoken sentence. We **REMAND** the cause to the District Court for entry of a modified written judgment from which the reference to polygraph testing has been deleted.

I.

This appeal arises from a discrepancy between the terms of sentence that the District Court pronounced in Washington's presence

at the sentencing hearing and the terms of sentence that the District Court entered in its written judgment.

Washington's sentence includes a five-year term of supervised release. In the Presentence Investigation Report ("PSR") prepared before sentencing and reviewed by all parties, including the defendant, the United States Probation Office recommended that the District Court impose the usual mandatory and standard conditions and several special conditions for the term of supervised release. One proposed special condition required Washington to participate in a sex-offender-treatment program and to comply with all the rules of the program, "including submission to polygraph testing." PSR at 24, *United States v. Washington*, No. 1:16-cr-00628-GBD (S.D.N.Y. July 27, 2017), ECF No. 21. The entire proposed special condition ran as follows:

> You must undergo a sex-offense-specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program approved by the U.S. Probation Office. You must abide by all rules, requirements, and conditions of the sex offender treatment program(s), *including submission to polygraph testing*. You must waive your right of confidentiality in any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review your course of treatment and progress with the treatment provider. You must contribute to the cost of services rendered based on your

4

ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the sex offender treatment provider and/or mental health treatment provider.

*Id.* (emphasis added).

The District Court imposed this special condition at Washington's sentencing hearing, together with all the other mandatory, standard, and special conditions of supervised release that the PSR had recommended. But the District Court stated the sex-offender-treatment special condition more briefly than the PSR had. Omitted, among other things, was any explicit reference to polygraph testing. The District Court instead stated the condition in these terms:

The defendant also must undergo a sex-offense-specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program approved by the United States Probation Office.

Transcript at 23, *Washington* (Oct. 16, 2017), ECF No. 27.

After pronouncement of sentence, the District Court restated the sex-offender-treatment special condition in a written judgment. The special condition as restated in the judgment runs longer than the version of the condition at the hearing. It is, however, identical in all material respects to the version of the condition proposed in the PSR.

5

In particular, it includes the PSR's language—omitted from the spoken sentence—imposing a duty of "submission to polygraph testing." The entire *written* special condition reads:

> Defendant shall undergo a sex-offense-specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental health treatment program approved by the United States Probation Office. Defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), *including submission to polygraph testing*. Defendant shall waive his right of confidentiality in any records for mental health assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review your course of treatment and progress with the treatment provider. Defendant shall contribute to the cost of services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the sex offender treatment provider and/or mental health treatment provider.

Judgment at 5 (emphasis added), *Washington* (Sept. 8, 2017), ECF No. 25.

6

Counsel for the defense had reviewed the PSR—which contained the language imposing the polygraph requirement—with Washington before sentencing, but Washington did not object at sentencing to the PSR's recommendations of special conditions.

Washington now appeals seeking deletion of the duty to submit to polygraph testing from his written sentence.

## II.

### A.

We review de novo the asserted discrepancy between the spoken and written terms of Washington's sentence. It is a question of law whether the spoken and written terms of a defendant's sentence differ impermissibly. *United States v. Jacques*, 321 F.3d 255, 262 (2d Cir. 2003). In principle, we review an issue of law for plain error when the defendant has failed to raise the issue in the district court. *See United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (relaxing the "rigorous standards of plain error review" to correct an unobjected-to sentencing error of which the defendant did not have advance notice). But when the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed, we will review the issue de novo even if the defendant failed to raise an objection in the district court. *See id.* at 125–26. Washington's objection satisfies these conditions. Although not raised in the District Court, the objection concerns his sentence, and it concerns a matter about which he lacked advance notice. Washington

7

knew in advance, from reviewing the PSR with his lawyer, that the District Court might include a polygraph-testing requirement in his conditions of supervised release. But he could not have known before issuance of the written judgment that the District Court would include polygraph testing in the written version of his sentence after omitting any mention of it from the spoken version.

B.

The Federal Rules of Criminal Procedure provide that a defendant must be present at pronouncement of sentence. Fed. R. Crim. P. 43(a)(3). Accordingly, after a sentence has been pronounced, the written judgment may clarify the terms of the spoken sentence, *see United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999), but if there is a substantive discrepancy between the spoken and written versions of a defendant's sentence, the spoken version ordinarily controls, *United States v. Rosario*, 386 F.3d 166, 168–69 (2d Cir. 2004). We have derogated from this general rule and allowed a written modification of the spoken sentence only in cases in which the modification added a condition of supervised release classified as "mandatory," "standard," or "recommended" in United States Sentencing Guidelines sections 5D1.3(a), (c), and (d) or added mere "basic administrative requirements that are necessary to supervised release." *Rosario*, 386 F.3d at 169 (internal quotation marks omitted).

We conclude here that the written judgment's additional language requiring "submission to polygraph testing" is an impermissible modification of the spoken sentence. Polygraph testing

8

can be onerous for a defendant, who may feel at risk of incriminating him- or herself. It is also not a necessary or invariable part of sex-offender treatment. Many district judges require polygraph testing as part of the sex-offender-treatment condition in at least some cases. *See generally* Migdalia Baerga-Buffler & James L. Johnson, *Sex Offender Management in the Federal Probation and Pretrial Services System*, 70 Fed. Prob. 13 (2006); Michael Palmiotto & Scott MacNichol, *Supervision of Sex Offenders: A Multi-Faceted and Collaborative Approach*, 74 Fed. Prob. 27 (2010). But we learned at oral argument that some district judges, including some judges in the district courts of this Circuit, never allow it.

III.

In summary, we hold that, in the circumstances presented here, inclusion of a duty of "submission to polygraph testing" in Washington's written sentence constituted an impermissible modification of the spoken sentence, from which those words were omitted, because polygraph testing is burdensome to the defendant and not a necessary or invariable component of sex-offender treatment.

The cause is **REMANDED** to the District Court for entry of an amended judgment from which the words "including submission to polygraph testing" have been deleted.