United States v. Maggese

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand nineteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JANE A. RESTANI,
> > *Judge.*\*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                   No. 18-832-cr

JOHN MAGGESE,

> *Defendant-Appellant.*

---

*For Defendant-Appellant*:          JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY.

---

\*Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

*For Appellee*:                                      TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant John Maggese appeals from a March 21, 2018 judgment of the United States District Court for the Western District of New York, revoking his supervised release and sentencing him to six months' imprisonment followed by three years of supervised release. On appeal, Maggese challenges two special conditions of his supervised release. The first ("Treatment" condition), requires him to "participate in a sex offense-specific treatment program and follow the rules and regulations of that program" with Probation "supervis[ing] the details of the defendant's participation in the program, including the selection of a provider and schedule." App'x 72. The second ("Testing" condition), calls for Maggese to "submit to a polygraph, computerized voice stress analyzer testing not to exceed twice in the calendar year, and an additional two retests per year, as needed." App'x 66. Maggese argues that the first condition is impermissibly vague and that the second condition is not reasonably related to the purposes of sentencing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In 2007, Maggese was convicted of one count of possession of child pornography, in violation of 18 U.S.C. §2252A(a)(5)(B) and sentenced to 48 months'

2

imprisonment to be followed by ten years' supervised release. As part of his conditions of his supervised release Maggese was required "to enroll, attend, and participate in mental health intervention specifically designed for the treatment of sexual offenders as approved by the U.S. Probation Office." App'x 13.

On March 12, 2018, Maggese admitted he had violated the terms of his supervised release because he had been discharged from mental health treatment due to his "deceptive and high-risk behaviors," including viewing pornographic material and watching the Little League World Series and religious shows to view children as a stimulation for masturbation. App'x 23, 58. He was subsequently sentenced to six months' imprisonment followed by three years' supervised release. As part of his supervised release, the district court imposed several special conditions of release, including the Treatment and Testing conditions.

## I. The Treatment Condition

We review for abuse of discretion the district court's imposition of a condition of supervised release. *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001). In so doing, we will determine that a district court has exceeded the bounds of its discretion "if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted). Maggese asserts that the Treatment condition is impermissibly vague because it "does not explain how the probation officer will supervise Mr. Maggese's participation in the program and what responsibilities exist beyond the selection of a treatment provider and

scheduling." Brief for Appellant at 26. His argument is unavailing. The district court did not impermissibly delegate its judicial authority to the Probation Office.

The power to impose special conditions of supervised release is vested exclusively in the district court. 18 U.S.C. § 3583; U.S.S.G. § 5D1.3(b)-(e). A district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release. *Peterson*, 248 F.3d at 85. A district court, however, "may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). "In other words, the extensive supervision mission of federal probation officers includes executing the sentence, but not imposing it." *Id.*

Here, the Treatment condition complained of makes clear that treatment is mandatory. It states Maggese "*must* participate in a sex offense-specific treatment program and follow the rules and regulations of that program." App'x 72 (emphasis added). Probation was merely given the discretion to decide administrative aspects of the treatment such as the "selection of a provider and [the] schedule." *Id.* The condition mandating treatment is permissible.

## II.    The Testing Condition

Maggese's argument that the Testing condition is not reasonably related to the purposes of sentencing because computerized voice stress analysis is unreliable is without merit. Although Maggese expressly argues for the first time on appeal that the Testing condition is not reasonably related to the purposes of sentencing, this was

4

the clear implication of his challenge to the testing. We conclude that the district court properly imposed the condition.

As an initial matter, Maggese's insistence that we must vacate the court's judgment because there is a conflict between the written special condition and the court's oral pronouncement is wrong. We have previously held, and Maggese concedes, *see* Brief for Appellant at 37, that "[i]nsofar as there is a variance between the written and oral conditions, the District Court's oral pronouncement controls." *United States v. Young*, 910 F.3d 665, 670 (2d Cir. 2018); *see also United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018). At oral argument Maggese's counsel conceded that resentencing was not needed to simply insert "or" where it was intended in the oral pronouncement.

Generally, a district court may impose a special condition of supervised release so long as the condition, among other things, is "reasonably related" to the nature of the offense and to the goals of deterrence, rehabilitation, and public safety described in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d)(1)-(3). We have held that "the incremental tendency of polygraph testing to promote . . . candor" from a defendant "furthers the objectives of sentencing by allowing for more careful scrutiny of offenders on supervised release." *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006). Acknowledging the potential unreliability of polygraph testing, we explained in *Johnson* that the polygraph can still "deter lying . . . because of the subject's fear that it might work, or be credited by others whether it works or not." *Id.* Although the court in *Johnson* dealt with the issue of polygraph testing and here we are asked to

5

address the use of computerized voice stress analysis, the principles underlying *Johnson* apply equally in this case.

Here, it is hard to distinguish Maggese's challenge from the defendant's argument in *Johnson*; Maggese's core argument with respect to the computerized voice stress analyzer is practically identical to the defendant's assertion in *Johnson* about polygraph testing—that its purported unreliability precludes the court from finding it is reasonably related to the purposes of sentencing. Maggese's violations of the terms of his supervised release indicate he was engaging in "deceptive and high-risk behaviors" and that polygraph or computerized voice stress analyzer testing would "help penetrate deception and encourage [Maggese] to confront his own motivations and behaviors." *Johnson*, 446 F.3d at 278. That testing was not intended to be used to build a case against Maggese; rather, it was meant to help Maggese's progress in treatment. While counsel did state that he had researched the reliability of computerized voice stress analyzers, he did not proffer evidence of unreliability to the district court demonstrating that computerized voice stress analyzers are so less reliable than polygraph testing that they have no therapeutic use. Thus, we have no record to review on this point.

We have considered Maggese's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6