*United States v. Fuller*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>> *Appellee,*

>> v.                                                        No. 17-3537

ROBIN ALAN FULLER,

>> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:          ERIN MCCAMPBELL PARIS, Lipsitz Green Scime Cambria LLP, Buffalo, NY.

FOR APPELLEE:                     SAMUEL P. NITZE (Moira Kim Penza, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment entered on October 26, 2017, is **AFFIRMED IN PART** and **VACATED IN PART**, and the cause is **REMANDED** for further proceedings consistent with this Order.

Robin Alan Fuller appeals from a judgment of conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), entered after a guilty plea. The United States District Court for the Eastern District of New York (Cogan, *J.*) sentenced Fuller primarily to 97 months of imprisonment, to be followed by a five-year term of supervised release with special conditions. Fuller was also subject to a forfeiture order. On appeal, Fuller raises three issues: He argues that (1) the term of incarceration imposed is substantively unreasonable; (2) certain of the special conditions of supervised release violate his First and Fourth Amendment rights; and (3) the forfeiture order should be vacated. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

1. The Incarceratory Sentence

Fuller first contends that the imposition of a 97-month term of incarceration—a sentence within the range of 78 to 97 months recommended by the U.S. Sentencing Guidelines ("USSG" or the "Guidelines")—is substantively unreasonable.[1] We apply "a particularly deferential form of abuse-of-discretion review" when in the arena of sentencing, and will find a sentence substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v.*

---

[1] The government urges us to enforce Fuller's waiver, through his plea agreement, of his right to appeal the imposition of "a term of imprisonment of 108 months or below." App'x at 13.4. Fuller rejoins that, in failing to assert the appellate waiver in its motion for summary affirmance, "[t]he government waived its waiver argument." Appellant's Reply Br. 1-4. Because we hold that Fuller's challenge to the substantive reasonableness of his sentence fails, we need not consider waiver.

*Cavera*, 550 F.3d 180, 188-89 & n.5 (2d Cir. 2008).[2] Although we will not "presume that a Guidelines sentence is reasonable, we have recognized that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008).

Fuller relies on *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), and *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), which counsel that, in child pornography cases, district courts should be skeptical of "sentencing enhancements that are all but inherent to the crime of conviction" such that "adherence to the guidelines results in virtually no distinction between the sentences for" ordinary and serious offenders. *Dorvee*, 616 F.3d at 186-87. The District Court sentenced Fuller to 97 months of incarceration after diligently considering conduct distinguishing his from an ordinary child pornography possession case. *See, e.g.,* App'x at 45-58 (record evidence demonstrating that Fuller sent emails to various third parties attaching child pornography and at least suggesting that he engaged in physical sexual contact with prepubescent children); *id.* at 164 (District Court's factual finding that it had no "doubt that [Fuller] had, in fact, had a sexual relationship with," *i.e.,* had sexually abused, his daughter); *id.* at 179-81 (District Court's factual findings regarding Fuller's history and characteristics, including that Fuller "physically abused his son"). On this record, we easily conclude that the District Court did not abuse its discretion in imposing a sentence of 97 months' incarceration.

2.  The Monitoring Condition and the Internet Restriction Condition

Next, Fuller challenges the imposition of two special conditions on his supervised release.[3] The first of these, Special Condition #8 in the final judgment (the "Monitoring

---

[2] Unless otherwise noted, this order omits all internal quotation marks and citations in text quoted from case law.

[3] The parties dispute whether we review a challenge to a condition of supervised release *de novo*, for plain error, or under the relaxed plain error standard. Fuller received notice of the special conditions to be imposed for the first time at the sentencing hearing, and we typically "relax the plain error standard when the defendant does not receive prior notice of the condition[s]." *E.g., United States v. Green*, 618 F.3d 120, 122 (2d

Condition"), provides in relevant part:

> The defendant shall also cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. [C]ooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software on said devices, at the defendant's expense.

App'x at 191.

Although a defendant may appeal most aspects of a sentence imposed as soon as the final judgment has been entered, we explained in *United States v. Balon* that a challenge to a condition of supervised release is ripe for appellate review only if "(1) the issues are fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties." 384 F.3d 38, 46 (2d Cir. 2004). Because "[t]he technology that holds the key to whether the [Monitoring] special condition . . . involves a greater deprivation of liberty than reasonably necessary is constantly and rapidly changing," *id.*, and because Fuller will not begin his term of supervised release until April 2028, he fails the first prong of the ripeness test. Nor has he demonstrated the second: We discern no hardship to Fuller from our withholding consideration at this time, as he will have an opportunity to challenge the Monitoring Condition at a date closer to the start of his term of supervised release, through a proceeding brought initially in the District Court under 18 U.S.C. § 3583(e)(2). Accordingly, we dismiss as unripe Fuller's challenge to the Monitoring Condition. *See United States v. Randazzo*, 763 F. App'x 140, 140-41 (2d Cir. 2019) (dismissing as unripe special condition of supervised release identical to the Monitoring Condition).

Fuller also challenges Special Condition #9, which restricts his access to the Internet during his post-incarceratory period of supervised release (the "Internet Restriction Condition"). At sentencing, the District Court stated that condition as follows:

> [Fuller] will not go to any dating websites *or anything else* that seeks to match people together for establishing personal relationships.

---

Cir. 2010) (per curiam). But because the standard of review that we apply is not determinative of this appeal, we do not address the parties' dispute further.

4

App'x at 183 (emphasis added). The written judgment, however, frames Special Condition #9 as follows:

> The defendant may not access any website that permits persons under the age of 18 to be registered users for the purpose of establishing personal relationships with other users; allow minors to post profiles that provide information about themselves; or allows direct or real time communication with other users.

*Id.* at 191.

The written version of the Internet Restriction Condition both narrows and expands the orally stated condition: On the one hand, it prohibits Fuller from accessing only those websites that allow *minors* to register or post profiles, as opposed to *any* website that facilitates dating or other personal relationships; on the other, it prohibits Fuller from accessing *any* website that allows for direct or real-time communication with other users, not just those that enable users to form personal relationships. The orally stated condition, which is usually held to control over the written, *see, e.g.*, *United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018), also includes the open-ended phrase "or anything else," which Fuller argues is impermissibly vague and places him at risk of inadvertent violation.

Although a "written judgment may *clarify* the terms of the spoken sentence," *id.* (emphasis added), the written judgment here substantively *modifies* the oral pronouncement. We therefore remand the matter to the District Court to resolve the conflict between the oral and written conditions, address the concerns raised by the phrase "or anything else," and resentence Fuller accordingly. In so doing, the District Court should further consider whether a narrower statement of the Internet Restriction Condition could achieve the goals of sentencing. *Cf. Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017) (explaining that prohibition on using social media "bars access to what for many are the principal sources for knowing current events, checking ads for employment, speaking and listening in the modern public square, and otherwise exploring the vast realms of human thought and knowledge").

3. The Forfeiture Order

Finally, Fuller asks this Court to vacate the judgment of forfeiture, which required

him to surrender certain of his electronic devices used (or intended to have been used) in connection with the offense of conviction. Rule 32.2(b)(4)(B) of the Federal Rules of Criminal Procedure provides:

> The [sentencing] court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

Fuller's position is that the District Court's failure to reference forfeiture during the October 2018 sentencing proceedings means he need not comply with the final order of forfeiture, which the District Court entered in May 2017. We review the court's application of the forfeiture statute *de novo. United States v. Peters*, 732 F.3d 93, 98 (2d Cir. 2013).

The District Court failed to state at sentencing that Fuller was required to forfeit certain electronic devices. Nor did the District Court incorporate the forfeiture order into the final written judgment. Both omissions were error. But Fuller cannot credibly argue that he lacked notice and an opportunity, long before sentencing, to contest that he would be subject to the ordered forfeiture where: the indictment contained a forfeiture provision; the plea agreement contemplated forfeiture; the government posted, and the District Court so-ordered, the preliminary forfeiture order; the government submitted, and the District Court so-ordered, the final forfeiture order; and the PSR provided for forfeiture of the relevant items. *Cf. United States v. Mitchell*, 70 F. App'x 707, 714 (4th Cir. 2003) (finding "failure to incorporate the forfeiture order into the judgment" to be "simply a ministerial error that did not seriously affect the fairness, integrity, or public reputation of judicial proceedings" when defendant "was clearly on notice of the pending forfeiture" and did not "raise an objection or respond"). We therefore dismiss Fuller's substantive challenge to the forfeiture of his electronic property. We direct the District Court on remand, however, to correct the written judgment by documenting the ordered forfeiture in accordance with Rule 36 of the Federal Rules of Criminal Procedure.

\* \* \*

For the reasons set forth above, the District Court's judgment is **AFFIRMED IN PART** and **VACATED IN PART**, and the cause is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court