*United States v. Barden*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                22-492

DAVID BARDEN,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | PAUL SCOTTI (Susan Corkery, *on the brief*), Assistant United States Attorneys *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y. |
| For Defendants-Appellees: | YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, N.Y. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant David Barden ("Barden") appeals from the March 9, 2022 final judgment of conviction entered by the United States District Court for the Eastern District of New York (Azrack, *J.*) for one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). The district court sentenced Barden principally to 96 months' imprisonment and five years' supervised release. On appeal, Barden primarily argues that the district court violated his right to be present at his sentencing by imposing conditions of supervised release in its written judgment, without orally pronouncing them at his sentencing. Barden centers his claims on three special conditions of supervision, which (1) require him to undergo polygraph examinations as part of a treatment program for sexual disorders ("Condition 1"); (2) bar him from electronically accessing pornography, including adult pornography ("Condition 3"); and (3) obligate him to disclose to probation his username and passwords for all accounts he uses for electronic communications and file storage ("Condition 4"). Barden additionally claims that the district court failed to explain on the record its reasons for imposing Conditions 1 and 3.

The Government concedes that imposition of Condition 1, the polygraph condition, required Barden's presence and an on-the-record explanation and that the case should be remanded to afford the district court the opportunity to consider this condition anew. We agree with the Government as to Condition 1, but further conclude that the district court erred in imposing Conditions 3 and 4 outside of Barden's presence and without adequate explanation as to Condition 3.

2

In explaining the basis for our decision, we assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal.

\*   \*   \*

Where a defendant does not raise an objection to a condition of supervised release in the proceedings below, our review is ordinarily for plain error. *See United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018). But where, as here, the defendant did not have sufficient notice that a particular condition of supervised release might be imposed, we apply a "relaxed form of plain error review." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015) (internal quotation marks omitted).

"Under both the Constitution and Federal Rule of Criminal Procedure 43(a)(3), a criminal defendant has the right to be present during sentencing." *United States v. Leroux*, 36 F.4th 115, 120 (2d Cir. 2022) (citation omitted). In adhering to this rule, we have generally held that when there is a "variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any burdensome punishments or restrictions added in the written judgment must be removed." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (internal citations and footnote omitted). "We have derogated from this general rule and allowed a written modification of the spoken sentence only in cases in which the modification added a condition of supervised release classified as 'mandatory,' 'standard,' or 'recommended' in United States Sentencing Guidelines ["U.S.S.G"] sections 5D1.3(a), (c), and (d) or added mere 'basic administrative requirements that are necessary to supervised release.'" *Washington*, 904 F.3d at 208 (quoting *Rosario*, 386 F.3d at 169).[1]

---

[1] The written judgment of conviction here contains 24 conditions of supervised release—six of which are "mandatory" conditions outlined in U.S.S.G. § 5D1.3(a), thirteen of which are "standard"

3

Applying this standard, the district court erred in imposing all three special conditions at issue without pronouncing them orally at sentencing.   None of the conditions concerning polygraph examinations, banning adult pornography, or sharing login information for electronic communications and file-storage accounts can be classified as mandatory, standard, or recommended conditions of supervised release under the relevant Guidelines provision.   Nor are they basic administrative requirements inherent in supervised release.   *See United States v. Thomas*, 299 F.3d 150, 154–55 (2d Cir. 2002).   The Government contends that Barden's presence was not required to impose Conditions 3 or 4, which, respectively, prohibit Barden from electronically accessing adult pornography and require him to share his electronic communications and file-storage account information, because these conditions are "consistent with the policy statement enumerating 'special' conditions in U.S.S.G. § 5D1.3(d)."   Gov. Br. 22.   But we have never held that a defendant need not be present for a district court to impose conditions of supervision that are merely "consistent with" those recommended in the Guidelines.   Even if such conditions may be linked to Barden's offense conduct, the district court's failure to pronounce them at his sentencing constitutes error.   *See, e.g.*, *Thomas*, 299 F.3d at 154–55 (vacating a condition related to the defendant's offense conduct that "augment[ed]" a mandatory condition but was "not necessary to clarify or carry out any of § 5D1.3's mandatory or standard conditions").[2]   The Government argues that

conditions recommended by U.S.S.G. § 5D1.3(c), and five of which are "special" conditions.   As previously noted, Barden focuses on three of these special conditions, one of which the Government concedes was imposed in error.   The two other special conditions did not require Barden's presence for their imposition, as one merely refines the mandatory condition that Barden comply with federal sex registration requirements, U.S.S.G. § 5D1.3(a)(7), while the other tracks the requirement that a sex offender submit to searches conducted by probation, as recommended in U.S.S.G. § 5D1.3(d)(7)(C).

[2] The Government separately argues that Barden waived any claim regarding his presence by not objecting when the district court announced its intent to specify his conditions of supervised release in the written judgment.   We decline to find waiver here, however, because although the district court announced

4

Condition 4 is "necessary to clarify or carry out" § 5D1.3(d)(7)(C)'s search condition. *Id.* We need not here decide whether a case might arise where such necessity is beyond question. We conclude only that, on the existing record, it is not clear that this is such a case. Thus, remand is warranted for further action by the district court.

In addition, and as already noted, the Government concedes that as to Condition 1, the polygraph condition, the district court was required to perform an individualized assessment and state on the record its reasons for imposing this condition. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). We conclude that the district court was similarly required to assess Barden's individual circumstances and to explain its reasons for imposing Condition 3, which prohibits Barden's electronic access to adult pornography. *See United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019) ("[W]e have routinely rejected bans on adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor.").

While our precedent did not require the district court to impose the remaining special conditions in Barden's presence and with an on-the-record explanation as to each, we reiterate that issues such as those presented in this case can be "avoided rather easily" if district courts, when stating the defendant's sentence "indicate the conditions that accompany it in open court and with appropriate precision." *Thomas*, 299 F.3d at 156. Doing so "serves the salutary function of insuring that a defendant fully understands the contours of his punishment at a time when any

---

it would impose special conditions of supervision, Barden lacked notice of what those special conditions would be prior to the issuance of the written judgment and thus did not knowingly and voluntarily waive his entitlement to be present. *See United States v. Jones*, 381 F.3d 114, 122 (2d Cir. 2004) (explaining that a defendant "must object at the time of the violation or the defendant's right to be present will be deemed waived" but such a waiver "must be knowing and voluntary").

questions he or his lawyer may have can be explored and resolved in person." *Id.* For all the procedural tasks the law imposes on sentencing judges, we maintain the belief that "requiring district courts to make clear during the sentencing hearing exactly which conditions of release it intends to impose adds only minimally to these responsibilities." *Id.*

For the foregoing reasons, we vacate Special Conditions 1, 3, and 4 and remand the case for the limited purpose of reconsidering and, if appropriate, reimposing these supervision conditions at a hearing with Barden present.

*   *   *

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **VACATE IN PART** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court