22-1820-cr
*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-three.

PRESENT:
> **AMALYA L. KEARSE,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

United States of America,

>  *Appellee,*

>  v.                                                                                   No. 22-1820-cr

Anthony Rodriguez,

>  *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**

Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

**FOR APPELLEE:**

Nicholas J. Moscow & Andrew D. Wang, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Defendant-Appellant Anthony Rodriguez appeals from an August 16, 2022 judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*) convicting him of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and sentencing him to 72 months' imprisonment followed by three years of supervised release. Rodriguez challenges his custodial sentence as substantively unreasonable and raises two procedural challenges to the terms of his supervised release.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to (1) affirm the district court's imposition of a 72-month term of imprisonment, (2) vacate the special condition mandating drug treatment and remand for entry of judgment consistent with the district court's oral pronouncement at sentencing, and (3) vacate the special condition limiting alcohol consumption.

## I. Custodial Sentence

Rodriguez first challenges his 72 months' imprisonment as substantively unreasonable. Rodriguez's sentencing challenge rests primarily on his claim that the "penalty is too severe given the offense conduct," which he characterizes as "[m]omentarily handling someone else's gun." Appellant's Br. 14.

Applying an "abuse of discretion" standard to the substantive unreasonableness challenge, *United States v. Davis*, 82 F.4th 190, 200 (2d Cir. 2023), we disagree. "A sentence is substantively unreasonable when it cannot be located within the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (internal quotation marks omitted). In

making this determination, this Court considers "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks omitted).

The district court's decision to impose a 72-month term of imprisonment was not an abuse of discretion. Analyzing the sentencing factors in 18 U.S.C. § 3553(a), the district court explained its primary reasons for imposing the sentence: (1) Rodriguez's possession of a stolen communal gun that was subsequently used in connection with a mass shooting; (2) Rodriguez's false statement to an ATF agent that he was not present at the scene of the mass shooting; and (3) Rodriguez's extensive history of gun-related convictions, including for armed robbery. The district court also decided that a downward variance was warranted in this case because Rodriguez had been held in pretrial detention during the COVID-19 pandemic. So the district court imposed a sentence of 72 months' imprisonment, a twelve-month downward variance from the bottom of the Guidelines. In light of these circumstances, Rodriguez's sentence was not "shockingly high," and the district court did not abuse its discretion. *Osuba*, 67 F.4th at 68.

## II. Special Conditions of Supervised Release

Rodriguez next challenges two of the supervised release special conditions imposed by the district court. Specifically, Rodriguez seeks vacatur of (1) a special condition in the district court's written judgment requiring him to undergo drug treatment on supervised release; and (2) a special condition barring him from drinking alcohol throughout the three-year term of supervised release. For the reasons set forth below, we vacate and remand on the drug treatment condition and dismiss Rodriguez's alcohol use condition as unripe.

### A. Drug Treatment Condition

First, both parties on appeal agree that the special condition requiring Rodriguez to undergo drug treatment on supervised release spelled out in the district court's written judgment should be vacated because the district court failed to impose this requirement in Rodriguez's presence at sentencing. We adopt that position.

This Court "review[s] de novo the asserted discrepancy between the spoken and written terms of [Rodriguez's] sentence." *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018). "It is a question of law whether the spoken and written terms of a defendant's sentence differ impermissibly." *Id.* When there

5

is a substantive discrepancy between the spoken and written terms of a sentence, "the spoken version ordinarily controls." *Id.* at 208. That is because the Federal Rules of Criminal Procedure provide that a defendant must be present at pronouncement of sentence. *See* Fed. R. Crim. P. 43(a)(3).[1]

As both parties agree, the written judgment's imposition of a special condition requiring Rodriguez to undergo drug treatment upon release is an impermissible modification of the spoken sentence. At sentencing, the district court imposed a special condition requiring Rodriguez to "undergo drug treatment evaluation, and if deemed necessary, participate in [an] outpatient drug treatment program approved by the probation department." App'x 160. The district court's oral terms of supervised release thus conditioned participation in outpatient drug treatment on a mandatory drug treatment evaluation. In contrast, the district court's written judgment imposed a special condition requiring Rodriguez to "participate in an outpatient substance-abuse treatment program approved by the U.S. Probation Department." App'x 172.

---

[1] A written modification of a spoken sentence is only permissible where "the modification add[s] a condition of supervised release classified as mandatory, standard, or recommended in United States Sentencing Guidelines sections 5D1.3(a), (c), and (d), or add[s] mere basic administrative requirements that are necessary to supervised release." *Washington*, 904 F.3d at 208 (internal quotation marks omitted). These exceptions are not applicable here.

The written judgment thus conflicts with the district court's clear oral pronouncement that Rodriguez undergo drug treatment evaluation and, only if deemed necessary, participate in an outpatient drug treatment program. Accordingly, we vacate the drug treatment condition in the written judgment and remand for entry of judgment consistent with the district court's oral pronouncement at sentencing.

**B. Alcohol Consumption Condition**

Rodriguez next challenges the district court's imposition of the special condition requiring that he abstain from alcohol during and after participation in a drug treatment program. As relevant here, the district court ordered that Rodriguez "must not consume any alcohol or any other intoxicants during and after treatment." App'x 161; *see also id.* 172 (written judgment). The Government construes this condition as a component of the drug treatment condition, which it agrees should be vacated given the previously discussed discrepancy. However, the Government further argues that if participation in a drug treatment program is deemed necessary following evaluation, "the district court will not err if it reimposes the same condition" limiting Rodriguez's alcohol consumption. Appellee's Br. 30. We disagree.

7

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). This Court ordinarily reviews a district court's decision to impose conditions of supervised release for abuse of discretion. *See United States v. Myers*, 426 F.3d 117, 123 (2d Cir. 2005). But where, as here, a defendant did not object at sentencing, we review for plain error. *See United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).

A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b). Nevertheless, a district court's discretion to impose special conditions is not "untrammelled," and we will "carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks omitted).

8

Moreover, "[a] district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. Without a stated reason, we may uphold the condition imposed "only if the district court's reasoning is self-evident in the record" and the conditions are "reasonably related to the sentencing objectives." *Id.* (cleaned up).

Rodriguez argues that a special condition prohibiting alcohol consumption "during and after treatment" is not reasonably related to his underlying crime. We agree. The district court did not state a reason for limiting Rodriguez's alcohol use during supervised release. Rodriguez's underlying crime did not involve the use of alcohol. Nor does the record provide any evidence that Rodriguez abuses alcohol. This Court has repeatedly vacated special conditions limiting alcohol consumption under similar circumstances. *See, e.g.*, *id.* at 202-03; *United States v. Ahearn*, 767 F. App'x 148, 150-51 (2d Cir. 2019). We therefore conclude that the special condition restricting alcohol use is not reasonably related to any of the factors outlined in Section 5D1.3(b), regardless of whether the alcohol

ban is an aspect of the drug treatment condition or not.   Vacatur of this condition is warranted.

* * *

Accordingly, we (1) **AFFIRM** the district court's imposition of a 72-month term of imprisonment, (2) **VACATE** the special condition mandating drug treatment and **REMAND** for entry of judgment consistent with the district court's oral pronouncement at sentencing, and (3) **VACATE** the special condition limiting alcohol consumption.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court