*United States v. Szantyr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-four.

PRESENT:
JOSÉ A. CABRANES,
MARIA ARAÚJO KAHN,
    *Circuit Judges*,
KATHERINE POLK FAILLA,
    *District Judge*.\*

———————————————————————

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                         22-2896-cr

DENNIS ANTHONY SZANTYR, JR.,

     *Defendant-Appellant*.

———————————————————————

————————————

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:     JAMES M. BRANDEN, Staten Island, NY.

FOR APPELLEE:     KONSTANTIN LANTSMAN, Assistant United States Attorney (Conor M. Reardon, *on the brief*), *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the November 7, 2022, judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 7, 2022, is **AFFIRMED** in part, **VACATED** in part, and the case **REMANDED** for further proceedings.

Defendant-Appellant Dennis Szantyr ("Szantyr") appeals from the district court's judgment of conviction following his guilty plea to one count of enticing a minor to travel in interstate commerce to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). The district court sentenced Szantyr to 235 months' imprisonment, followed by a ten-year period of supervised release. Though not imposed orally, the written judgment added a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015 ("JVTA"). On appeal, Szantyr argues that his term of incarceration is substantively unreasonable and that the district court erred in imposing the special assessment under the JVTA. We assume the parties' familiarity with the underlying facts,

2

the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

## I. Szantyr's Sentence is Substantively Reasonable

Szantyr argues that his within-Guidelines sentence of 235-months' imprisonment is substantively unreasonable because the district court failed to tie the facts underlying its sentencing decision to the sentencing factors enumerated in 18 U.S.C. § 3553(a).[1] Specifically, he contends that the district court failed to explain why his violation of the trust of the minor victim's family and his destruction of the minor victim's life "required almost twenty-years' imprisonment" under the relevant factors. Appellant's Br. at 13. Szantyr argues that "[g]iven the [district court's] untethered explanation, the sentence imposed violated the parsimony clause[,]" *id.*, of § 3553(a), "which directs sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the factors set out in . . . § 3553(a)(2)—namely, retribution, deterrence, and incapacitation[,]" *United States v. Saleh*, 946 F.3d 97, 107 (2d Cir. 2019) (quoting *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014)). We disagree.

We review the substantive reasonableness of a sentence under the "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). Under that standard, "we will set aside only

---

[1] The parties agreed prior to sentencing that the applicable Guidelines range was 210 to 262 months' imprisonment.

3

those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

The district court carefully considered and applied the § 3553(a) factors to the facts of Szantyr's case. The district court focused principally on the seriousness of Szantyr's offense, including the severity and duration of his abuse of the minor victim and his betrayal of the trust placed in him by the minor victim's parents. The district court also noted the need for the sentence imposed to "afford adequate deterrence to criminal conduct" and to "protect the public from further crimes of [Szantyr]." 18 U.S.C. § 3553(a)(2)(B)–(C). Finally, the district court acknowledged the mitigating factors that Szantyr identified in favor of leniency, including his traumatic, abusive childhood and his in-court expression of genuine remorse. Weighing these factors against the nature of Szantyr's conduct, the district court concluded that a sentence falling within the applicable Guidelines range of 210 to 262 months' imprisonment was "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). In light of the severity of Szantyr's offense, we find no error in this conclusion. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) ("The particular weight to be afforded aggravating and mitigating factors [under § 3553(a)] is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a

4

factor can bear the weight assigned it under the totality of circumstances in the case." (citation and internal quotation marks omitted)); *see also United States v. Pattee*, 820 F.3d 496, 512 (2d Cir. 2016) (holding that a defendant's forty-seven-year sentence was substantively reasonable where the offense conduct "included the active use of a minor to engage in sexual activities for the purpose of producing child pornography"). Because Szantyr's within-Guidelines sentence is neither "shockingly high" nor "otherwise unsupportable as a matter of law[,]" we conclude that it is substantively reasonable.[2] *Muzio*, 966 F.3d at 64 (internal quotation marks omitted).

## II. The District Court Erred in Imposing the Special Assessment under the JVTA

"The JVTA provides that courts 'shall assess an amount of $5,000 on any non-indigent person or entity convicted of' certain specified offenses, including 'offense[s] under . . . chapter 110 (relating to sexual exploitation and other abuse of children).'" *United States v. Rosario*, 7 F.4th 65, 68 (2d Cir. 2021) (quoting 18 U.S.C. § 3014(a)). The "obligation to pay the [JVTA] assessment continues for 20 years after the entry of judgment or [the] defendant's release from prison, whichever is later." *Id.* (citation

---

[2] Szantyr additionally argues that his sentence is substantively unreasonable because "the [district] court made no effort to explain why the defense-suggested sentence of 120 months or even the bottom of the guidelines imprisonment range of 210 months was too lenient for the abuse of trust and destruction it spoke of." Appellant's Br. at 13. This argument lacks merit because "[w]e have . . . never required a district court to explain in open court why any particular unselected sentence would be inappropriate . . . ." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).

omitted). Accordingly, when, as here, the defendant is convicted of a qualifying crime under the JVTA, the district court must "impose the assessment unless it finds the defendant could not pay it today—or at any point for the next twenty years." *Id.* at 71 (quoting *United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018)).

During Szantyr's sentencing hearing, the district court did not impose the JVTA assessment or make an express finding regarding Szantyr's ability to pay. Instead, the district court imposed the special assessment for the first time in its written judgment, which it issued five days after the hearing. As the government concedes, this was improper. The district court was required to orally pronounce the special assessment in Szantyr's presence, *see United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018) ("The Federal Rules of Criminal Procedure provide that a defendant must be present at pronouncement of sentence."), and make an individualized finding regarding Szantyr's indigency, *see Rosario*, 7 F.4th at 68 (noting that the JVTA assessment only applies to "'non-indigent' persons convicted of specified offenses").

Accordingly, we vacate the $5,000 special assessment and remand the case to the district court so it may supplement the record with specific findings regarding Szantyr's financial status and ascertain the applicability of the $5,000 JVTA assessment. *See United States v. Rosario*, 785 F. App'x 22, 23 (2d Cir. 2019) (summary order).

\* \* \*

6

We have considered Szantyr's remaining arguments and conclude that they are without merit. For the reasons set forth above, we **VACATE** the judgment of the district court insofar as it imposed a $5,000 special assessment, **AFFIRM** the judgment in all other respects, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court