23-7210-cr
United States v. Ross

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
JOSEPH F. BIANCO,
ALISON J. NATHAN,
   *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

   *Appellee*,

  v.              No. 23-7210-cr

KEYAWNIA ROSS,

   *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLEE:                                  Susan Corkery, Laura
                                               Zuckerwise, Assistant United
                                               States Attorneys, *for* Breon
                                               Peace, United States Attorney
                                               for the Eastern District of New
                                               York, Brooklyn, NY

FOR DEFENDANT-APPELLANT:                        Colleen P. Cassidy, Federal
                                               Defenders of New York, Inc.,
                                               New York, NY

Appeal from a judgment of the United States District Court for the Eastern

District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Keyawnia Ross appeals from a September 26, 2023

judgment of the United States District Court for the Eastern District of New York

(Block, *J.*) convicting her, after a guilty plea, of two counts of theft of public funds

in violation of 18 U.S.C. § 641.   The District Court ordered restitution in the

amount of $15,800 and sentenced Ross to two years' probation.   On appeal, Ross

challenges only the special condition of probation requiring her to seek prior

approval from a probation officer before opening new financial accounts (the

"special financial condition").   We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

2

necessary to explain our decision to affirm.

At Ross's sentencing hearing, the District Court noted that the Probation Office "recommend[ed] two years of [p]robation on each count to run concurrently with some special conditions.   There is an order of restitution, which we'll talk about.   And there has to be full disclosure of financial records, and I assume that you have no objection to that."   App'x 58–59.   Ross's counsel responded "[y]es, your honor."   *Id.* at 59.   When pronouncing Ross's sentence, the District Court stated that "we already mentioned that we have these two special conditions . . . where [Ross] has to comply with the order of restitution and [Ross] has to make full disclosure of her financial circumstances under the supervision of the Probation Department."   App'x 67.   No party objected.   *Id.* The court later issued a written judgment that includes a special condition prohibiting Ross from "maintaining and/or opening any . . . checking, savings, or other financial accounts" other than those listed in the presentence investigation report ("PSR") "without the knowledge and approval of the U.S. Probation Department."   App'x 73.

Ross argues that this special condition was not orally pronounced at her sentencing hearing and should be stricken from her sentence.

3

We review *de novo* challenges to discrepancies between the oral pronouncement of a defendant's sentence and the written terms included in the judgment, *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018), unless the defendant had an opportunity to object and failed to do so, in which case we review for plain error, *United States v. Dupes*, 513 F.3d 338, 342–43 & n.2 (2d Cir. 2008).   Assuming without deciding that *de novo* review is called for, we affirm the District Court's judgment.

Federal Rule of Criminal Procedure 43(a) "requires that the defendant be present at the imposition of sentence."   *United States v. Thomas*, 299 F.3d 150, 152 (2d Cir. 2002) (cleaned up).   This rule "require[s] that the sentencing court orally pronounce special conditions in open court, and when there is a conflict between the court's unambiguous oral pronouncement of a special condition and the written judgment, the oral pronouncement controls."   *United States v. Sims*, 92 F.4th 115, 125 (2d Cir. 2024).

> We have derogated from this general rule and allowed a written modification of the spoken sentence only in cases in which the modification added a condition of supervised release classified as "mandatory," "standard," or "recommended" in United States Sentencing Guidelines sections 5D1.3(a), (c), and (d) or added mere basic administrative requirements that are necessary to supervised release.

*Washington*, 904 F.3d at 208 (quotation marks omitted).   So a discrepancy between the oral pronouncement and the written judgment does not necessarily violate this rule as long as the writing "clarif[ies], rather than conflict[s] with, the sentence imposed orally."   *United States v. Jacques*, 321 F.3d 255, 265 (2d Cir. 2003).

Notwithstanding the deviation between the District Court's exact words at the sentencing hearing and the language contained in the written judgment, the Government argues that the District Court's reference to the special conditions recommended by Probation was clear in context.   We agree.

A court may "indicate that it w[ill] incorporate the conditions" recommended by Probation without repeating those conditions in full.   *Thomas*, 299 F.3d at 152.   Here, the District Court's reference at sentencing to the Probation Office's "recommendation . . . [of] some special conditions," incorporated the full terms recommended by the Probation Office.

Because the written judgment matches Probation's sentencing recommendation and the District Court sufficiently incorporated it by reference at sentencing, the written judgment "clarif[ies], rather than conflict[s] with, the

sentence imposed orally." *Jacques*, 321 F.3d at 265. Accordingly, we see no error in the District Court's written judgment.

## CONCLUSION

We have considered Ross's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFRIMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court