United States v. McQueen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.

PRESENT:
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.

Thomas McQueen, aka Josh Toller,                    **22-837**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Anthony Bagnuola, Susan Corkery, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part, and the judgment of the district court is **VACATED** in part and **REMANDED**.

Thomas McQueen pleaded guilty to distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). His plea agreement waived the right "to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 240 months or below." App'x at A25. McQueen admitted to sending two child pornography videos to an undercover agent and purchasing child pornography. A search of McQueen's devices revealed approximately 500 child pornography files, some involving toddlers and sadomasochistic themes. Prior to sentencing, McQueen's bond was revoked after he was found with an unmonitored cellphone in violation of the terms of his release. The cellphone had images "containing what appear[ed] to be two young girls laying on a bed in their underwear." Req. for Bond Revocation Mem. at 2. At sentencing, McQueen's counsel and the government made their presentations to the court; McQueen's counsel then tried to make additional arguments, but the district court did not permit it. The district court sentenced McQueen to 120 months' incarceration and a ten-year term of supervised release with special conditions. The court did not orally state the special condition requiring "participat[ion] in polygraph examinations" on the record but included it in the written judgment. App'x at A91. The district court also imposed a special condition banning access to pornography. On appeal, McQueen argues that (1) the

2

appeal waiver does not bar his due process challenge to the sentence, (2) this Court should strike the special condition requiring polygraph examinations because it was not stated on the record, and (3) this Court should strike the special condition banning access to pornography because the district court did not "conduct an 'individualized assessment' and make specific 'findings of fact.'" Appellant's Br. at 39. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review interpretations of plea agreements *de novo* and in accordance with principles of contract law." *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019) (citation omitted). "We review de novo the asserted discrepancy between the spoken and written terms of [McQueen's] sentence." *United States v. Washington*, 904 F.3d 204, 207 (2d Cir. 2018). McQueen never objected to the special conditions, so this Court reviews them for plain error. *United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021).

## I.  Appeal Waiver

McQueen argues that his plea agreement does not bar this appeal because it "does not discuss McQueen's constitutional right to be sentenced based on accurate and reliable information, or the closely related due-process right to respond to and clarify misleading arguments by the Government." Appellant's Br. at 25. We disagree. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). "As a result, we find waivers unenforceable only in very limited situations, such as . . . when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, . . . or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.* (cleaned up).

3

McQueen's due process argument fails.   He did not challenge the Guidelines calculations in the Presentence Investigation Report and did not object to any of the factual findings.   The district court's denial of defense counsel's request to make additional arguments was within its discretion.   *See United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) ("Decisions as to what types of procedure are needed lie within the discretion of the sentencing court.").

In any case, McQueen's challenge to his sentence also fails on the merits.   His sentence was "based on accurate information."   *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007). The government accurately stated that McQueen pleaded guilty to distribution of child pornography, his collection "was in excess of 19,000 images," he had some sadomasochistic child pornography files, and he was found in violation of his release conditions with a cell phone containing what appeared to be images of two young girls lying on a bed in their underwear.[1] App'x at A72.   We thus dismiss McQueen's challenge to his sentence because it is barred by the appeal waiver.

**II.    Special Conditions**

McQueen argues that we should strike the special condition requiring polygraph examinations because the district court "did not state [the condition] at sentencing, in McQueen's presence" and "nonetheless added this requirement in the written judgment."   Appellant's Br. at 30.   The government agrees that we should strike the condition.   We have previously held that a similar special condition "constituted an impermissible modification of the spoken sentence,"

---

[1] McQueen argues that the "19,000 figure highlighted by the prosecutor is a fiction, resulting from the Guidelines' decision to treat each video file as equivalent to 75 image files."   Appellant's Br. at 20-21. But McQueen does not dispute the underlying facts—that he possessed approximately 500 files, "more than half of which (at least 251) were videos."   PSR ¶ 18.

4

*United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018), so we remand to the district court with instructions to strike the polygraph requirement.

We also agree with McQueen that the district court failed to conduct the requisite "individualized assessment" in imposing the special condition banning access to legal adult pornography. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "In general, a district court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Farooq*, 58 F.4th 687, 694 (2d Cir. 2023) (cleaned up); *see also* 18 U.S.C. § 3583(d)(1) (listing the factors to be considered by the sentencing court in imposing conditions of supervised release). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id.* § 3553(a)(2). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Betts*, 886 F.3d at 202 (citation and internal quotation marks omitted).

The district court did not state on the record any reason supporting the challenged special

5

condition of supervised release. Nor is the district court's reasoning self-evident in the record. We thus vacate this special condition and remand for further consideration and explanation.

We have considered all of McQueen's remaining arguments and find them to be without merit. For the foregoing reasons, McQueen's challenge to his sentence is **DISMISSED** in part, the judgment of the district court is **VACATED** in part with respect to the special conditions of supervised release requiring polygraph examinations and banning access to pornography, and the case is **REMANDED** with instructions to strike the language requiring that McQueen "participate in polygraph examinations" from the judgment and for further consideration of the pornography ban. The remainder of the government's motion to dismiss is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court