23-7993-cr
United States v. Leavens

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-five.

PRESENT:   ROBERT D. SACK,
               GERARD E. LYNCH,
               RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                                                     No. 23-7993-cr

JOHN LEAVENS,

     *Defendant-Appellant*.

------------------------------------------------------------------

FOR APPELLANT: INES MCGILLION, Ines McGillion Law Offices, PLLC, Putney, VT

FOR APPELLEE: JOSHUA ROTHENBERG (Lisa M. Fletcher, *on the brief*), Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the case is REMANDED in part for further proceedings consistent with this order.

Defendant-Appellant John Leavens appeals from a November 28, 2023 judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) imposing a sentence of 24 months' imprisonment and 15 years' supervised release following the revocation of his previous term of supervised release. Leavens contends that his sentence was procedurally and substantively unreasonable and challenges ten of the eleven special conditions of supervised release. We assume the parties' familiarity with the underlying facts

2

and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and remand in part.

## I. Term of Imprisonment and Supervised Release

Because Leavens failed to object at sentencing and was on notice that the imposed sentence was within the permissible statutory range, we apply plain error review in its ordinary rigor. *See United States v. Matta*, 777 F.3d 116, 121–22 (2d Cir. 2015).

Leavens first argues that the District Court's sentencing decision was procedurally unreasonable because it relied on "the government's last-minute representation to the court that 'probation' had made a 'recommendation that upon revocation, a sentence of 24 months imprisonment followed by a term of supervised release of 15 years is appropriate.'" Appellant's Br. 26 (quoting App'x 151). Leavens claims that he was not previously notified of the recommendation and that it exceeded the applicable Sentencing Guidelines range. We are not persuaded by this argument because the District Court did not rely on the recommendation to justify the sentence. Instead, it explained that the sentence was based on the nature and recurrence of Leavens's violation conduct and the need to deter future violations, and that Leavens's "egregious

3

violations of supervised release, coupled with his ongoing use of a dangerous substance, illustrates that a sentence outside of the applicable guideline range is appropriate in this instance." App'x 157; *see also* App'x 154–58.

We also reject Leavens's substantive unreasonableness challenge. A district court has "broad discretion to . . . impose a term of imprisonment up to the statutory maximum." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997) (quotation marks omitted). Here, the District Court explained that the sentence was appropriate in light of, among other things, Leavens's prior conviction for "enticement of a minor to engage in sexual activity," his "failure to attend sex offender counseling," and his recent "sexual[] assault[] [of] another resident at [a] residential reentry center while under the influence of K2, a dangerous synthetic substance." App'x 156. Under these circumstances, Leavens's sentence was not substantively unreasonable.

## II.    Special Conditions of Supervised Release

Leavens next contends that ten of the eleven special conditions imposed by the District Court (all but Special Condition Eleven, which prohibits the possession, use, and sale of marijuana and derivative products) should be stricken because the District Court's oral pronouncement at sentencing was too

"general and vague," Appellant's Br. 35, and because the conditions themselves are in any event unjustified and impermissibly overbroad. At sentencing, the District Court confirmed that Leavens's then-counsel had reviewed with Leavens the special conditions that had been "provided in advance of sentencing" and then asked, "Mr. Leavens, do you want me to further read these or do you understand these special conditions and understand you'll have to abide by them when you're released?" App'x 158. Leavens responded, "I understand, your Honor" and affirmed a second time that he understood, after which counsel confirmed that he had no objections. App'x 158. We conclude that Leavens waived his challenge to the District Court's failure to orally pronounce the special conditions of supervised release. *See United States v. Spruill*, 808 F.3d 585, 596–97 (2d Cir. 2015); *United States v. Lewis*, 125 F.4th 69, 72, 74–75 (2d Cir. 2025).

In his reply brief, however, Leavens argues that the special conditions as set forth in the written judgment differ from those in the version provided to him in advance of sentencing, including that Special Condition Seven was amended to add: "Unless otherwise approved by the Court, you must be limited to possessing one personal internet-capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities." Reply Br.

5

18.  The Government now concedes that this constitutes a material change.  *See* Docket No. 45, at 1.  We agree.  We therefore remand the case to the District Court to amend the written judgment to strike the one-device limitation from Special Condition Seven.

We disagree with Leavens's argument that other special conditions must be stricken due to minor variations between the proposed special conditions and those set forth in the written judgment.  All of the other variations that he highlights are minor stylistic differences that do not create a "*substantive* discrepancy between the [proposed conditions] and written versions."  *United States v. Washington*, 904 F.3d 204, 208 (2d Cir. 2018) (emphasis added).  Nevertheless, because we remand the case for other reasons, the District Court may consider on remand whether further amendments to the written versions of the special conditions should be made to conform them to the proposed versions.

Finally, we consider Leavens's challenge to the substance and scope of the special conditions.  Because he failed to object at sentencing and had notice of the special conditions that could be imposed, we again review for plain error.  *See Matta*, 777 F.3d at 121–22; *United States v. Dupes*, 513 F.3d 338, 343 n.2 (2d Cir. 2008).

The Government concedes that Special Condition Eight, an employer notification condition, should be vacated because "[t]here is no evidence that Leavens's criminal conduct was related to his employment." Appellee's Br. 61. Mindful that a court may only impose special conditions of supervised release "that are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant," we agree. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quotation marks omitted). We therefore direct the District Court on remand to strike Special Condition Eight from the judgment.

By contrast, we find no plain error in the imposition of the remainder of the special conditions because the District Court adequately explained why each condition was necessary in light of Leavens's particular circumstances and history. *See United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005); *Betts*, 886 F.3d at 202.

We have considered Leavens's remaining arguments and conclude that they are without merit. For the foregoing reasons, the case is REMANDED in part for the limited purpose of amending the judgment by striking Special Condition Eight and striking the one-device limitation in Special Condition

Seven.  The District Court's failure to issue a written statement of reasons would not alone require remand to do so under the circumstances of this case.  *See United States v. Smith*, 949 F.3d 60, 64–65 (2d Cir. 2020).  Nor would the various non-material differences between the proposed and written versions of the special conditions.  Because we remand in any event for the District Court to amend the judgment as to other issues, however, the District Court on remand should also provide a written statement of reasons and may make any further amendments to the written judgment to conform to the proposed versions of the special conditions provided for Leavens's review in advance of sentencing.  The judgment is otherwise AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8